HUNTON & WILLIAMS LLP
ROLAND M. JUAREZ (SBN 160793)
rjuarez@hunton.com
D. ANDREW QUIGLEY (SBN 280986)
aquigley@hunton.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

Attorneys for Defendants
KATMAI HEALTH SERVICES, LLC;
and KATMAI GOVERNMENT SERVICES, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAOF ALKHAMAISI, individually, and SALAH SALEA, individually, and on behalf of themselves and all similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>KATMAI HEALTH SERVICES, LLC; KATMAI GOVERNMENT SERVICES, LLC; and DOES 1 through 25,<br><br>Defendants. | Case No.: **'18CV0115 WQHBGS**<br><br>**DEFENDANTS KATMAI HEALTH SERVICES, LLC AND KATMAI GOVERNMENT SERVICES, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441, 1446, and 1453 (FEDERAL QUESTION JURISDICTION)**<br><br>San Diego County Superior Court Case No. 37-2017-00048476-CU-OE-CTL<br><br>*[Declaration of Cindy M. Vanden Berg, Civil Cover Sheet, Notice of Party with Financial Interest, and Certificate of Service Filed Concurrently Herewith]* |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants Katmai Health Services, LLC and Katmai Government Services, LLC (collectively, "Defendants") hereby remove to this Court, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446, and 1453, the state court action described below. In support thereof, Defendants state as follows:

1. On December 15, 2017, Plaintiffs Raof Alkhamaisi and Salah Salea, on behalf of themselves and all other similarly situated employees, filed a purported collective and class action against Defendants in the Superior Court of the State of California, County of San Diego, Case No. 37-2017-00048476-CU-OE-CTL, *Raof Alkhamaisi, individually, and Salah Salea, individually, and on behalf of themselves and all other similarly situated employees v. Katmai Health Services, LLC, Katmai Government Services, LLC, and Does 1 through 25* (the "Action").

2. On December 19, 2017, Plaintiffs served the Summons, the Complaint, and other related documents on Defendants. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, and related documents are attached hereto as **Exhibit A**.

3. On January 17, 2018, Defendants filed their responsive pleading in the form of an Answer to the Complaint. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Answer is attached hereto as **Exhibit B**.

4. As set forth more fully below, the Action is one that Defendants may remove to this Court under 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements and this Court has subject matter jurisdiction over the Action under 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

/ / /

/ / /

/ / /

# I.
# **DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

6. Plaintiffs completed service of the Summons and Complaint on December 19, 2017. Because Defendants filed this Notice of Removal within thirty days of that date, the Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

7. Venue lies in the United States District Court for the Southern District of California, because Plaintiffs filed the Action in this judicial district and the Action remains pending in this judicial district. *See* 28 U.S.C. § 1441(a).

8. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants are attached hereto as follows:

**Exhibit A** – Plaintiff's Summons, Complaint, and related documents.
**Exhibit B** – Defendants' Answer.

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs' counsel and a copy is being filed with the Clerk of the Superior Court for the State of California, County of San Diego.

# II.
# **DEFENDANTS ARE CITIZENS OF THE STATE OF ALASKA**

10. Katmai Government Services, LLC is a limited liability company. (Declaration of Cindy M. Vanden Berg ("Vanden Berg Decl.") ¶ 2.) A limited liability company is treated as a partnership for purposes of its citizenship, and its citizenship depends on the citizenship of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The sole member of Katmai Government Services, LLC is Ouzinkie Native Corporation. (Vanden Berg Decl. ¶ 2.)

11. A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80; 130 S.Ct. 1181, 1185 (2010). Ouzinkie

Native Corporation is incorporated in the State of Alaska and has its principal place of business in the State of Alaska. (Vanden Berg Decl. ¶ 2.) The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center," which typically will be found at its corporate headquarters. *Hertz Corp.*, 559 U.S. at 92–93; 130 S.Ct. at 1192–93. Ouzinkie Native Corporation's headquarters—where its high-level officers direct, control and coordinate the corporation's activities—is located in Alaska. (Vanden Berg Decl. ¶ 2.) Thus, Ounzinkie Native Corporation is a citizen of the State of Alaska, and is not a citizen of the State of California.

12. Because Ounzinkie Native Corporation is a citizen of the State of Alaska (*see* ¶ 11, above), Katmai Government Services, LLC is also a citizen of the State of Alaska.

13. Katmai Health Services, LLC is a limited liability company. (Vanden Berg Decl. ¶ 3.) The sole member of Katmai Health Services, LLC is Katmai Government Services, LLC. (*Id.*) Because a limited liability company's citizenship depends on the citizenship of its members, Katmai Health Services, LLC is also a citizen of the State of Alaska. *See Johnson*, 437 F.3d at 899.

### III.
### REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

14. Federal district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

15. Removal of this Action is proper under 28 U.S.C. § 1331 as a result of federal questions raised by Plaintiffs' Complaint. Specifically, Plaintiffs assert claims and seek relief under a federal statute, the Fair Labor Standards Act of 1938

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

("FLSA"), 29 U.S.C. §§ 201 et seq.  (Complaint ¶¶ 34–44, 101–110.)  Federal courts have original subject matter jurisdiction over actions brought under the FLSA.  *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698–99 (2003) (holding FLSA actions filed in state court are removable to federal court); *Ward v. Jetsuite, Inc.*, Case No. SACV 16-0584 AG (ASx), 2016 WL 3360962, at *2 (C.D. Cal. June 8, 2016) ("Plaintiff's Complaint brings a claim for failure to pay overtime under the Fair Labor Standards Act ('FLSA,' 29 U.S.C. §§ 206, 207).  The Court has subject matter jurisdiction over that claim, which arises under the laws of the United States.  28 U.S.C. § 1331.").

16.   Further, removal of this Action is proper under 28 U.S.C. § 1331 because the Court has federal enclave jurisdiction.  Where the conduct giving rise to an action occurs on a federal enclave, "enclave jurisdiction" is proper in federal court.  *Willis v. Craig*, 555 F.2d 724, 726 (9th Cir. 1977); *see also* U.S. Const. art. I, § 8, cl. 17 ("The Congress shall have Power . . . [t]o exercise exclusive Legislation over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings . . ."); *Mater v. Holley*, 200 F.2d 123, 123 (5th Cir. 1952) ("Exclusive 'legislation' has been construed to mean exclusive 'jurisdiction' in the sense of exclusive sovereignty.")  Here, Defendants' work, for which Plaintiffs were hired, "is performed in Camp Pendleton, California."  (Complaint ¶ 19.)  Plaintiffs' "were employed as nonexempt employees on an as-needed basis for multiple missions at Camp Pendleton, California."  (Complaint ¶ 21.)  Camp Pendleton is a federal enclave acquired by the United States in 1942.  *See United States v. Jenkins*, 734 F.2d 1322, 1325 n.2 (9th Cir. 1983) ("In 1942 the United States condemned land in San Diego County, California, for the Camp Pendleton Marine Corps Training Base. [citation] California ceded exclusive jurisdiction to the United States and the Secretary of the Navy accepted the cession. [citation]"); *Cooper v. S. Cal. Edison Co.*, 170 Fed. Appx.

496, 497 (9th Cir. 2006) ("SONGS is located within a federal enclave, acquired by the United States in 1941 when it established Camp Pendleton."); *Stiefel v. Bechtel Corp.*, 497 F. Supp. 2d 1138, 1144–45 (N.D. Cal. 2007) (taking judicial notice that Camp Pendleton was established as a federal enclave no later than December 31, 1942); *Scott v. Gino Morena Enter., LLC*, Case No. SACV 14-02046 JVS (DFMx), 2015 U.S. Dist. LEXIS 23539 *10–11 (C.D. Cal. Feb. 23, 2015) (citing *Stiefel*).

17.  Additionally, the Court may exercise supplemental jurisdiction over Plaintiffs' state-law claims that do not arise under federal law, because those claims are so related to Plaintiffs' federal claims that they form part of the same case or controversy.  28 U.S.C. §§ 1367(a), 1441(c); *see also Ward*, 2016 WL 3360962, at *2 (exercising supplemental jurisdiction over state law wage arising from the same nucleus of facts as FLSA claims); *Valladares v. Insonmiac, Inc.*, Case No. EDCV 14-00706-VAP (DTBx), 2015 WL 12656267, *1 (C.D. Cal. Jan. 29, 2015) ("This Court has federal question jurisdiction (28 U.S.C. § 1331) over the FLSA claims, and supplemental jurisdiction (28 U.S.C. § 1367(a)) over the state law claims."). Specifically, Plaintiffs' FLSA claims incorporate by reference all allegations of Plaintiffs' state-law claims.  (Complaint ¶ 101.)  And, Plaintiffs allege that the same conduct giving rise to their FLSA claims is actionable under the California Labor Code.  (Complaint ¶¶ 18–123.)  Thus, Plaintiffs' state-law claims are based on the same common nucleus of operative facts as Plaintiffs' FLSA claims, and the Court may properly exercise supplemental jurisdiction over Plaintiffs' state-law claims.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**WHEREFORE**, Defendants hereby remove this Action from the Superior Court of the State of California, County of San Diego, to this Court, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446, and 1453.

DATED: January 18, 2018                    HUNTON & WILLIAMS LLP

By: */s/ D. Andrew Quigley*
ROLAND M. JUAREZ
D. ANDREW QUIGLEY
Attorneys for Defendants
KATMAI HEALTH SERVICES, LLC;
and KATMAI GOVERNMENT
SERVICES, LLC

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627