UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raof Alkhamaisi, individually and on behalf of all other similarly situated employees; and Salah Salea, individually and on behalf of all other similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>Katmai Health Services, LLC; Katmai Government Services, LLC; and Does 1 through 25,<br><br>Defendants. | Case No.: 18-cv-00115-WQH-BGS<br><br>**ORDER GRANTING IN PART JOINT MOTION TO EXTEND DISCOVERY AND PRE-TRIAL PROCEEDINGS DEADLINES AND SETTING FORTH AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 18]** |

On August 21, 2018 Plaintiffs Raof Alkhamaisi and Salah Salea and Defendants Katmai Health Services, LLC and Katmai Government Services, LLC filed a Joint Motion to Extend Discovery and Pre-trial Proceedings Deadlines. (ECF No. 18.) In the motion, the parties request a 12 week extension of the current September 11, 2018 deadline to file a motion for class certification, a 13 week extension of the telephonic status conference currently scheduled for October 3, 2018, and a 12 week extension of the current October

1

11, 2018 fact discovery cutoff. (ECF No. 18 at 4-5.) This extension request stems from the fact that "Plaintiffs are not able to comply with the Court's September 11, 2018 class certification deadline because the Parties need additional time to complete oral and written discovery related to class certification." (*Id.* at 3.) Following review of the motion, the Court requested and the parties submitted a Supplemental Joint Statement detailing the specific discovery relating to class certification that remains outstanding. (ECF No. 25.)

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Civil Local Rule 16.1(b) requires all counsel and parties to "proceed with diligence to take all steps necessary to bring an action to readiness for trial." In determining whether there is "good cause" under Rule 16(b), the Court "primarily considers the diligence of the party seeking the amendment" and the "moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Good cause exists if the party can show that the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Id.* If the moving party was not diligent, the inquiry should end. *Id.*

The parties represent that they have been "actively and diligently engaged in written discovery." (ECF No. 18 at 3.) However, stipulations for extensions amongst the parties do not establish good cause to extend discovery deadlines. (*See id.* ["following a few extensions"].) Further, by not abiding by the Court's Chambers Rules regarding discovery disputes, the parties have delayed the case unnecessarily. (*See id.* [the parties did not resolve discovery disputes stemming from requests served on April 26, 2018 until August 7, 2018 outside of the Court's procedures for addressing discovery disputes].) Additionally, one of the parties' purported reasons for not yet completing document production is that Defendants agreed to produce employment records only upon entry of a protective order. (ECF No. 25 at 3.) However, the parties did not submit a proposed protective order until July 24, 2018 (ECF No. 16), which failed to comply with Chambers'

Rules. Further, when that proposed protective order was denied, the parties did not resubmit an amended proposed protective order for an additional three weeks. (*See* ECF Nos. 17, 20.)

Despite the actions of the parties highlighted above, the parties represent in their supplemental statement that outstanding oral and written discovery is expected to be completed in October 2018. (*See* ECF No. 25 at 3-4.) Accordingly, based on the reasons set forth above, the Court **GRANTS IN PART** the Joint Motion to Extend Discovery and Pre-trial Proceedings Deadlines (ECF No. 18). At this time, good cause supports extending the deadline for Plaintiffs to file a motion for class certification **until November 13, 2018**. This extension should provide the parties with sufficient time to complete outstanding class related document production and depositions. The Court cautions that no further extensions are likely to be granted and that the parties are to abide by Judge Skomal's Chambers' Rules governing discovery disputes going forward. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' motion(s) for class certification and for conditional certification of collective action under the Fair Labor Standards Act must be filed on or before **November 13, 2018.** Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Failure to make a timely request for a motion date may result in the motion not being heard.

2. A telephonic Status Conference shall be conducted on **January 9, 2019** at **10:00 a.m.** with Magistrate Judge Bernard G. Skomal. The teleconference shall be with attorneys only. Counsel for Plaintiffs shall coordinate and initiate the JOINT call to chambers at (619) 557-2993 on January 9, 2019 at 10:00 a.m.

3. All fact discovery shall be completed by all parties by **January 11, 2019**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil

3

18-cv-00115-WQH-BGS

Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall follow the procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

4. The Court has considered Defendants' request to phase or bifurcate discovery. (ECF No. 11 at 3.) The request is denied. **Discovery is not bifurcated**.

5. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

6. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

7. The dates and times set forth herein will not be modified except for good cause shown.

8. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: September 6, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge