# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAOF ALKHAMAISI, individually and on behalf of all other similarly situated employees; AND SALAH SALEA, individually and on behalf of all other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>KATMAI HEALTH SERVICES, LLC; KATMAI GOVERNMENT SERVICES, LLC; and Does 1 through 25,<br><br>Defendant. | Case No. 18-cv-00115-WQH-BGS<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**DATE: March 11, 2019**<br>**DEPT.: Courtroom 14B**<br><br>Judge: Hon. William Q. Hayes<br>Magistrate Judge: Hon. Bernard G. Skomal |

This matter has come before the Court on the joint motion by Plaintiffs Raof Alkhamaisi and Salah Salea ("Plaintiffs" or "Class Representatives") and Defendants Katmai Health Services LLC and Katmai Government Services LLC ("Defendants") (collectively, "Parties") for Preliminary Approval of the Parties' Class Action Settlement of this class and collective action pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and 29 U.S.C section 201, *et seq.* pursuant to the settlement terms set forth in the Class Action Settlement Agreement, which is attached as Exhibit "1" to the Declaration of Plaintiffs' counsel, Alexei

1
**ORDER**

Kuchinsky ("Settlement"), filed in support of this join motion for preliminary approval.

Having considered the papers filed in support of the motion, the arguments of counsel, and the law, the Court now enters this Preliminary Approval Order and FINDS, CONCLUDES, and ORDERS as follows:

## I. THE SETTLEMENT HAS BEEN THOROUGHLY EVALUATED AND DETERMINED FAIR AND ADEQUATELY SUPPORTED

The Parties have adequately and thoroughly investigated the facts relating to the claims alleged in this action and have made a thorough study of the legal principles applicable to the claims asserted against Defendants. Based on the factual and legal issues involved, the expense and time necessary to prosecute this matter through trial, the risks, uncertainty and costs of further prosecution, the difficulty of proof necessary to establish a class for purposes of liability, and the relative benefits to the Class of an expeditious resolution, the Parties have entered into the Settlement.

Based on Class Counsel's investigation, evaluation, and participation in mediation with a mediator highly knowledgeable and experienced with respect to wage and hour law and class action litigation, Class Counsel is of the opinion that the terms set forth in the Settlement are fair, reasonable, adequate, and in the best interest of the Class Members.

It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge any and all claims, rights, demands, charges, complaints, causes of action, obligations or liability of any and every kind that were or could have been asserted in this Action against Defendants, to the extent that such claims arise out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in this Action.

## II. THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

The Court **PRELIMINARILY APPROVES** the Settlement as fair,

reasonable, and adequate, and to have been the product of serious, informed, and extensive arm's-length negotiations among the Parties. In making this preliminary finding, the Court considers the nature of the claims, the relative strength of Plaintiffs' claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.

The Court further preliminarily finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual class member.

## III. SETTLEMENT CLASS CERTIFICATION

The Court **PRELIMINARILY APPROVES** a proposed Class in this matter consisting of "All persons who are or have been employed by Defendants as Role Players (or any titles performing similar duties) in California at any time commencing four years prior to the filing of this Complaint, to the Preliminary Approval Date."

The Class is preliminarily and conditionally certified solely for purposes of settlement.

Raof Alkhamaisi and Salah Salea are conditionally appointed as Class Representatives solely for purposes of settlement.

Trey Dayes of Phillips Dayes, and William Klein and Alexei Kuchinsky of Klein Law Group, LLP are preliminarily and conditionally appointed as Class Counsel for purposes of settlement, and as such, are permitted to communicate with any and all Class Members for the purpose of encouraging participation in the Settlement.

With respect to the provisionally certified Class for settlement purposes, if the Settlement does not become final for any reason, the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall have no

bearing on, and will not be admissible in connection with the issue of whether a class should be certified in this action in a non-settlement context. The Court's findings are for purposes of conditionally certifying a Settlement Class and will not have any claim or issue or evidentiary preclusion or estoppel effect in any other action against the Parties, or in this Action if the Settlement is not finally approved.

### IV.   MONETARY RELIEF TO BE PROVIDED TO THE SETTLEMENT CLASS

Defendants have agreed to pay up to a Maximum Gross Settlement Amount of $ 150,000. The $150,000 Gross Settlement Amount is inclusive of any attorneys' fees and costs award, Class Representative Incentive Payments, PAGA Civil Penalties, Individual Settlement Payments, employee and employer share of payroll taxes, and other payroll deductions and settlement administration costs.

The Court **PRELIMINARILY APPROVES** this monetary settlement. The Court finds that a claims-made settlement to be fair, reasonable, and adequate under the circumstances. Indeed, claims-made settlements, are routinely approved by the Ninth Circuit and Courts in California. The following list summarizes only a small sample of those cases: *Glass v. UBS Financial Services, Inc.*, 331 Fed. Appx. 452, 457 (9th Cir. 2009) (upholding approval of class action settlement on a claims-made basis with a reversion); *Lovig v. Sears, Roebuck & Co.*, Case No. 5:11-cv- 00756-CJC-RNB (C.D. Cal. Jun. 1, 2015) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Wilson v. Walgreen Co.*, Case No. 2:11-cv- 7664-PSG-FFM (C.D. Cal. Oct. 3, 2014) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Gould, et al. v. Motel 6, Inc.*, Case No. 2:09- cv-08157-CAS-FMO, (C.D. Cal., Nov. 5, 2013) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Bautista v. Harvest Management Sub LLC dba Holiday Retirement*, Case No. 2:12-cv-10004-FMO-CW (C.D. Cal. Oct. 16, 2013)

(approving claims-made basis, with a reversion in a hybrid case in a wage and hour class action settlement); *Park v. The Blue Buffalo Co.*, Case No. 3:12-cv-01274-AJBNLS (S.D. Cal. Sep. 20, 2013) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Graham v. Overland Solutions, Inc.*, Case No. 3:10-cv- 0672-BEN-BLM (S.D. Cal. Jan. 29, 2013) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Lemus v. H&R Block Tax & Business Services, Inc.*, Case No. 3:09-CV-03179-SI (N.D. Cal. Aug. 22, 2012) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Gardner v. GC Services, LP*, Case No. 3:10-cv-0997-IEG-KSC (S.D. Cal. Apr. 2, 2012) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Jack v. Hartford Fire Ins. Co.*, Case No. 3:09-cv-1683-MMA-JMA (S.D. Cal. Oct. 13, 2011) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Singer v. Becton, Dickinson and Co.*, Case No. 08-cv-821- IEG-BLM (S.D. Cal. Jun. 1, 2010) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Cram v. Electronic Data Systems Corp.*, Case No. 2:07-cv 01842-LAB-NLS (S.D. Cal. Jan. 16, 2009) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Aguilar v. 7-Eleven*, Case No. 30-2009-00268714-CU-OE-CXC (Orange County Superior Court, Jun. 4, 2015) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Hodge, et al. v. Zale Delaware, Inc.*, Case No. CIVVS1301632 (San Bernardino Superior Court, Mar. 9, 2015) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Chambers, et al. v. White Memorial Medical Center, et al.*, Case No. BC426335 (Los Angeles Superior Court, Oct. 3, 2014) (approving claims-made basis, with a reversion in a wage and hour class action settlement); and *Zadeh v. IKON Office Solutions, Inc.*, Case No. BC470371 (Los Angeles Superior Court, June 4, 2013) (approving claims-made basis, with a reversion in a California Labor Code class action settlement).

Defendants have agreed to pay $10,000 in civil penalties pursuant to the California Private Attorney General Act of 2004 ("PAGA"), California Labor Code section *2698, et. seq.,* ("PAGA Penalties"), as a payment for all applicable civil penalties; 75% of the PAGA penalties will be distributed to the Labor and Workforce Development Agency of the State of California, and 25% of the PAGA Penalties will be distributed to Raof Alkhamaisi and Salah Salea pursuant to California Labor Code section 2699(i).

## V. SETTLEMENT PAYMENT CALCULATION

The Settlement shall be made on a claims-made basis. Only those Class Members who submit a timely and valid Claim Form will be eligible to receive an Individual Settlement Payment. Provided that they have timely returned a valid Claim Form and did not submit a timely Request for Exclusion to opt out of the Settlement, each Class Member will be eligible to receive a portion of the Net Settlement Amount in accordance with the following formula:

- Each Member's potential share of the Net Settlement Amount will be calculated by dividing the number of days worked by the Member by all days worked by all Members, multiplied by the Net Settlement Amount.

Net Settlement Amount that is not distributed due to any Class Members' failure to timely execute and return a valid Claim Form will be distributed to the Camp Pendleton Branch of the Wounded Warriors Regiment, which assists wounded Marines and their families.

## VI. PROPOSED RELEASE OF CLAIMS BY CLASS MEMBERS

The monetary relief described herein is provisionally and conditionally approved as adequate and valuable consideration in support of the release of all known and unknown claims as set forth in Section 18of the Class Action Settlement Agreement. Specifically, the Court **PRELIMINARILY APPROVES** the proposed release:

All claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or unknown, that were or could have been asserted in the Lawsuit and Complaint, whether in tort, contract, statute, rule, ordinance, order, regulation, or otherwise, for state and federal wage and hour laws (including California Labor Code §§ 201-203, 510, 551, 552, 1194 or 2698 et seq. (PAGA) and claims under the FLSA, 29 U.S.C. § 201, et seq.), whether for economic damages, non-economic damages, restitution, penalties, wages, liquidated damages, interest or attorneys' fees, including but not limited to: the causes of action asserted in the Complaint for alleged failure to pay minimum wages, allegations that Defendants failed to pay overtime, allegations that Defendants failed to provide accurate itemized wage statements, allegations that Defendants failed to timely pay all wages upon termination, allegations that Defendants failed to pay reporting time pay, and as related to the foregoing, the causes of action for alleged unlawful, unfair and/or fraudulent business practices under California Business and Professions Code § 17200, et seq., and causes of action under PAGA.

## VII. PROPOSED CLAIMS ADMINISTRATOR CLASS NOTICE AND PROCEDURES FOR OPTING OUT OR FILING A NOTICE OF OBJECTION

### A. Appointment of Claims Administrator

The Court PRELIMINARILY APPROVES and appoints Simpluris, Inc. as the neutral third-party settlement administrator.

Within 14 calendars days of the entry of this Order, Defendants shall provide the settlement administrator with a list of each Settlement Class Members' current known mailing address, social security number, and number of rotations during the class period.

The settlement administrator shall keep the data provided by Defendants strictly confidential and shall use it only for the administration of the Settlement. The settlement administrator shall return the data to Defendants or confirm its destruction upon completion of the settlement administrator's duties in administering the Settlement.

No later than thirty (30) calendar days prior to the Final Approval Hearing, the Claims Administrator shall provide the parties with a declaration (the "Claims

Administration Declaration") setting forth the steps taken by the Claims Administrator to provide notice to Settlement Class Members, the number of undeliverable Notice Packages, the number of valid claims received, the number of disputed claims, and the number of Requests for Exclusion.

Class Counsel's motion for Attorney's Fees and Costs shall be filed no later than 28 days prior to the Final Approval Hearing and shall be heard during the Settlement Fairness and Final Approval Hearing.

### B. **Approval of Notice of Class Action Settlement, Claim Form, and Request for Exclusion Procedures**

The proposed Notice of Class Action Settlement, Claim Form, and Request for Exclusion are clear, easily understandable, and provide reasonable and adequate notice to the Settlement Class of their rights and responsibilities under the Joint Stipulation.

The settlement administrator shall send the Class Notice within 30 calendar days of entry of this Order as follows:

    a. The settlement administrator shall send the Notice of Class Action Settlement, Claim Form and Request for Exclusion to Class Members via First Class U.S. Mail, using the most current, known mailing address for each Class Member based on the information provided by Defendants.

    b. The Claims Administrator shall perform one skip trace as to any Notices (and accompanying documents) that are returned by the post office for invalid addresses within five (5) days of its receipt of such returned Notice. Those Settlement Class Members who receive Notice pursuant to the one skip trace shall be informed (via an insert in the Notice) that his or her time to submit a Claim Form or Request For Exclusion Form to the Claims Administrator shall be the longer of: (1) thirty (30) days from the date Notice is mailed

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

       to the updated address, or (2) the Submission Date .

  c. The settlement administrator shall send one reminder post card to Settlement Class Members who have not submitted a Claim Form or Request For Exclusion Form before the Submission Date.

The Court finds this method of notice to be the best reasonable method of notice available under the circumstances. The Court further finds that the proposed Class Notice "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Village, LLC v. General Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Although some Class Members might not receive the Notice of Class Action Settlement, Claim Form and Request for Exclusion as provided under this Order due to an inability to locate their current address following the procedures set forth in this Order, such individuals shall nonetheless be bound by all of the terms of the Settlement and subsequent orders of this Court. In the event that some Class Members do not receive the Notice of Class Action Settlement, Claim Form and Request for Exclusion or a settlement payment, this Action shall not be subject to any provisions for distribution of unpaid residuals, including but not limited to, pursuant to California Code of Civil Procedure Section 384.

Class Members shall be provided 60 calendar days after the postmark date of the initial mailing of the Notice of Class Action Settlement and the Claim Form to exercise any rights with regard to the Settlement. Except as specifically provided herein, no Class Member responses of any kind that are postmarked or received in electronic form more than 60 calendar days after the initial mailing of Class Notice shall be considered.

In order to receive the Individual Settlement Payment, the Class Member must timely execute and return the Claim Form under penalty of perjury, provide the last four digits of his or her social security number, and return the Claim Form

by U.S. First Class Mail to the settlement administrator postmarked or sent to the administrator electronically within 60 calendar days after the postmark date of the initial mailing of the Class Notice.

Class Members may opt out of the Settlement by mailing to the settlement administrator the Request for Exclusion, postmarked not more than 60 calendar days after the postmark date of the initial mailing of the Notice of Class Action Settlement, Claim Form and Request for Exclusion. To be a valid Request for Exclusion, a Class Member must provide his or her name (and former names, if any), current address, current telephone number, and social security number. Any Request for Exclusion that does not include all of the required information or that is not submitted in a timely manner will be deemed null, void, and ineffective. If there is a dispute regarding the timeliness or validity of a Request for Exclusion, the settlement administrator shall make the determination, after consultation with Class Counsel and Defense Counsel.

Any Class Member who opts out of the Settlement may not object to the Settlement. Any Class Member who opts out of the Settlement shall not receive any Individual Settlement Payment. Any Class Member who opts out of the Settlement shall not be bound by the release provisions of the Settlement. If a Class Member submits both a Request for Exclusion and an Objection, the Class Member's Objection will be valid and be deemed to invalidate the Request for Exclusion. Each Class Member who does not opt out of the Settlement shall be bound by the release.

The Notice shall provide that Settlement Class Members who wish to object to the settlement must file with the Court and serve on Settlement Class Counsel and Defendants' counsel a written statement objecting to the settlement. Such written statement must be filed with the Court and served on Settlement Class Counsel and Defendants' counsel no later than thirty (30) days prior to the Final Approval Hearing (the "Objection Deadline Date"). No Settlement Class Member

shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the settlement, and no written objections or briefs submitted by any Settlement Class Member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing, and copies of any written objections or briefs, have been filed with the Court and served on Settlement Class Counsel and Defendants' counsel on or before the Objection Deadline Date. Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall forever be foreclosed from making any objection (whether by appeal or otherwise) to the settlement, or any aspect of the settlement, including, without limitation, the fairness, reasonableness, or adequacy of the proposed settlement.

Class Members who wish to object to Settlement Class Counsel's application for attorneys' fees must file with the Court and serve on Settlement Class Counsel and Defendants' counsel a written statement objecting to Settlement Class Counsel's application for attorneys' fees. Such written statement must be filed with the Court and served on Settlement Class Counsel and Defendants' counsel no later than thirty days (30) days prior to the Final Approval Hearing.

Class Members who fail to make objections in the manner specified in the Class Notice shall be deemed to have waived any objections and shall be foreclosed from making any objection, whether by appeal or otherwise.

**VIII. AGREEMENTS REGARDING REPRESENTATIVE PAYMENTS TO CLASS AND PAGA CLASS REPRESENTATIVES AND PAYMENT OF ATTORNEYS' FEES**

Class Counsel intends to request – and Defendants have agreed not to oppose – that the Court approve a Class Representative Incentive Payment of up to $10,000 total for the Class Representatives for their additional participation in the action.

      Class Counsel intends to request – and Defendants have agreed not to oppose – that the Court approve an attorneys' fees and costs award for (a) attorneys' fees in an amount up to 33% of the Gross Settlement Amount (up to $ 49,500) and (b) costs in an amount up to $12,800 total. This request for attorneys' fees and costs shall be supported by adequate documentation by Class Counsel.

      Class Counsel's motion for approval of the enhancement payment to the Class Representatives, attorneys' fees, and costs shall be filed no later than 60 days prior to the Final Approval Hearing and shall be heard during the Settlement Fairness and Final Approval Hearing.

## IX. SETTLEMENT FAIRNESS AND FINAL APPROVAL HEARING

      There shall be a Settlement Fairness and Final Approval Hearing to determine whether the Settlement will be finally approved as fair, reasonable and adequate as to the Class Representatives and the Settlement Class. The hearing will take place on Friday August 9, 2019 at 9 a.m. in Courtroom 14B before Judge William Q. Hayes,

      Class Counsel and Defense Counsel shall submit a joint [Proposed] Order of Final Approval and Good Faith Determination of Settlement; a joint Motion for Final approval, and any supporting papers no later than 28 days before the final approval hearing.

      At the hearing, the Court will hear oral argument from counsel for the Parties. The Court will also hear oral argument from members of the Settlement Class who have timely filed a Notice of Objection and Notice of Intention to Appear and Entry of Appearance.

      If the Court makes a final determination that the Settlement is fair, reasonable, and adequate as to the Class Representatives and Settlement Class, the Court will issue an Order of Final Approval and Good Faith Determination of Settlement.

## X. RETAINING JURISDICTION

This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class, and for any other necessary purpose.

## XI. SUMMARY OF DEADLINES

| | |
|---|---|
| The Court approves the following Implementation Schedule for further proceedings: 14 days after the Entry of this Order | Defendants shall produce confidential employment records to the Settlement Administrator. |
| 30 days after the Entry of this Order | The Settlement Notice shall be disseminated to the Class Members ("Notice Date") |
| No Later than 60 days after the Notice Date | Settlement Class members who desire to be excluded shall submit requests for Exclusion. |
| No Later than 60 days after the Notice Date | Settlement Class members who desire to participate in settlement shall submit a Claim Form. |
| 30 days before the Fairness Hearing | Settlement Class members who desire to be object shall submit their written objections, including objections to Class Counsel's Application for Attorney's Fees and Costs |
| 30 days before the Fairness Hearing | the Settlement Administrator will prepare and submit a declaration |
| 28 days before the Fairness Hearing | The parties shall file a Motion in Support of the Final Approval of the Settlement. |
| 60 days before the Fairness Hearing | Class Counsel shall file Motion for Attorney's Fees and Costs |
| August 9, 2019 at 9 a.m. | the Settlement Fairness and Final Approval Hearing. |

**IT IS ORDERED.**
Dated: March 28, 2019

_William Q. Hayes_
Hon. William Q. Hayes
United States District Court

14
ORDER